[No. 12551.   In Bank. — September 10, 1890.]

JOHN   H.   MOONEY, Respondent, v. E. DETRICK, Appellant.

Discharge in Insolvency — Hiring for Fixed Term — Future Liability. — A discharge in insolvency is a bar to an action against the insolvent for the recovery of money which became due, after the discharge, under a previous contract of hiring for a fixed term of five years, as the contract creates a "liability" within the meaning of the insolvent act, providing "that the discharge shall release the debtor from all claims, debts, liabilities, and demands set forth in his schedule, or which were or might have been proved against his estate." (Sharpstein, J., and Thornton, J., dissenting.)

Id. — New Debt — Benefits of Contract. — There can be no new debt under such contract of employment upon which the insolvent might be charged, when the whole benefit of the contract upon the part of the insolvent passed to his assignee, and no services are rendered thereunder to the insolvent after his discharge; though the discharge will not bar a recovery where the insolvent and not his creditor derives the benefit of a contract subsequent to the bankruptcy.

Id. — Proof of Debts not Matured — Contingent Liabilities. — Under the provisions of the Insolvent Act, debts payable at a future time may be proved against the estate of the insolvent debtor; and the value of contingent debts and liabilities may be ascertained and liquidated upon application to the court; and all debts and liabilities which might be proved are barred by the discharge.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Kellogg & King*, for Appellant.

Plaintiff's claim is barred by the discharge of defendants in insolvency, and he is not entitled to recover in this action. Detrick got no continuing benefit after his insolvency. A covenant to pay rent is discharged if the insolvent does not occupy, — that is, receive a continuing benefit. (2 Caines Cases, 26, note *a; Savory* v. *Stocking,* 4 Cush. 607.) An annuity is discharged. (*Heywood* v. *Shreve*, 44 N. J. L. 94.) A breach of covenant of warranty is also released, even against encumbrances. (*Reed* v. *Pierce*, 36 Me. 455; 58 Am. Dec. 761; *Bates* v. *West,* 19 Ill. 134.) All these are stronger than a covenant of employment.

*Dorn & Dorn*, for Respondent.

The contract sued on is one for the employment of plaintiff for a definite period at a fixed price, and plaintiff had the option, even if the transfer of the patent had not existed as a continuing consideration, to wait till the end of the term, and then sue for the full contract price, with interest, less deductions for the amounts actually earned. (*Fowler* v. *Armour*, 24 Ala. 194; *Strauss* v. *Meertief*, 64 Ala. 299; 38 Am. Rep. 8; *Rogers* v. *Parham*, 8 Ga. 190; *Colburn* v. *Woodworth,* 31 Barb. 381; *Heim* v. *Wolf*, 1 E. D. Smith, 70; *Decamp* v. *Hewett*, 11 Rob. (La.) 290; 43 Am. Dec. 204, and note; *Webster* v. *Wade*, 19 Cal. 291; 79 Am. Dec. 218; 2 Greenl. Ev. 273, sec. 261 a.) Wages or rent falling due at fixed periods may be proved up to the date of bankruptcy, but not later, and such claims, so far as they relate to a period subsequent to the bankruptcy, are not provable as con-

tingent claims, and will not be discharged. (*Bailey* v. *Loeb*, 11 Nat. Bank. Reg. 271, 273; *In re May & Nerwin*, 9 Nat. Bank. Reg. 419; *In re Webb & Co.*, 6 Nat. Bank. Reg. 302; *In re Ten Eyck & Choate*, 7 Nat. Bank. Reg. 26; *Stinemets* v. *Ainslie*, 4 Denio, 573; *Lansing* v. *Prendergast*, 9 Johns. 127; *Bosler* v. *Kuhn*, 8 Watts & S. 183; *Savory* v. *Stocking*, 4 Cush. 607; *Ex parte Houghton*, 1 Low. 554.) The rule as to storage is the same. (*Robinson* v. *Pesant*, 8 Nat. Bank. Reg. 426.)

PATERSON, J. — This is an action for the recovery of money alleged to be due plaintiff from defendants, under a contract between them, to the following effect: Plaintiff having sold and assigned a patent right to defendants, in consideration thereof promised to serve said defendants in and about their business for the term of five years from the first day of January, 1881; and the defendants agreed to employ the plaintiff during said entire period of five years, and to pay him for every day of his employment, Sundays and holidays excepted, the sum of four and one half dollars. Pursuant to the terms of said agreement, defendants employed plaintiff in and about their business constantly, and paid him in full therefor, until the first day of March, 1884. Since March 1, 1884, defendants have failed and refused to give plaintiff employment, except for the space of 166 days, and refused to pay plaintiff anything more than $654 under the contract. Judgment was entered in favor of plaintiff, and against the defendants, for the sum of $1,333.40, interest and costs. Defendant's motion for a new trial was overruled, and from that order and the judgment this appeal is taken by defendant Detrick. The defendants in their answer allege that as a firm and individually they and each of them were on the 1st of July, 1884, discharged of and from all debts, liabilities, and claims whatever, except such as were by the insolvent laws excepted from their operation, and that the claim sued on in this action

is not one of the claims so excepted. The petition of the defendants as a firm and individuals was filed on the twenty-eighth day of February 1884, and the plaintiff's cause of action, if any, has accrued since that date. The discharge, and proceedings leading up to it, are well pleaded, and the allegations of the defendants in relation thereto are admitted by the plaintiff to be true. The plaintiff presented his claim against the defendants to the assignee in insolvency, and he refused to allow it; whereupon plaintiff applied to the court in which the insolvency proceedings were pending for leave to sue the assignee, but such application was denied.

Section 37 of the Insolvent Act provides that "all debts due and payable from a debtor at the time of the adjudication of insolvency, and all debts *then existing but not payable until a future time* .... may be proved against the estate of the debtor."

Section 40 provides that "in all cases of contingent debts and liabilities contracted by the debtor, and not herein otherwise provided for, the creditor may make claim therefor and have his claim allowed, with the right to share in the dividends if the contingency shall happen before the order for the final dividend, or he may, at any time, apply to the court to have the present value of the debt or liability ascertained and liquidated"; and section 53 provides that "the discharge shall release the debtor from all claims, debts, *liabilities, and demands* set forth in his schedule, or which were *or might have been proved against his estate.*"

We think that under these provisions of the Insolvent Act the plaintiff's claim against the insolvents was barred by the discharge in insolvency. It is admitted that the defendants complied with all the provisions of the act. A personal covenant creates certainly a "liability," if not a "debt," within the meaning of the act. If the assignment had been made for an annuity payable during the remainder of the life of the plaintiff, the obliga-

tion would be discharged by the discharge in insolvency. (*Heywood* v. *Shreve*, 44 N. J. L. 94.) In this case there was no continuing benefit direct to the insolvent, such as would constitute a consideration and a new debt. The benefit went to the assignee, and through him whatever advantages the defendant had gained under the contract passed to the creditors, for the patents became the assets of the estate, and no services thereafter were rendered by the plaintiff. In cases of lease, where the occupancy is by the insolvent, he, and not his creditors, derives the benefit subsequent to bankruptcy. In such case the discharge will not bar a recovery.

Judgment and order reversed, and cause remanded for a new trial.

WORKS, J., McFARLAND, J., and BEATTY, C. J., concurred.

SHARPSTEIN, J., dissented.

THORNTON, J. — I dissent, and adopt the opinion delivered in Department Two in this case as my opinion herein.

Mr. Justice Fox, being disqualified, did not participate in the decision of the above cause.

The following is the opinion above referred to, delivered in Department Two on the 12th of December, 1889: —

SHARPSTEIN, J. — This action is for the recovery of money alleged to be due plaintiff from defendants, under a contract between them to the following effect: Plaintiff having sold and assigned a patent right to defendants, in consideration thereof promised to serve said defendants in and about their business for the term of five years from the first day of January, 1881; and the defendants agreed to employ the plaintiff during said

entire period of five years, and to pay him for every day of his employment, during said entire period (Sundays and holidays excepted), the sum of four and one half dollars. Pursuant to the terms of said agreement, defendants employed plaintiff in and about their business constantly, and paid him in full therefor, until the first day of March, 1884. Since March 1, 1884, defendants have failed and refused to give plaintiff employment, except for the space of 166 days, and refused to pay plaintiff anything more than $664 under said contract. Judgment was entered in favor of plaintiff, and against the defendants, for the sum of $1,333.40, interest and costs. Defendant's motion for a new trial was overruled, and from that order and the judgment this appeal was taken by defendant Detrick. The defendants in their answer allege that as a firm and individually they and each of them were, on the 14th of July, 1884, discharged of and from all debts, liabilities, and claims whatever, except such as were by the insolvent laws excepted from its operation, and that the claim sued on in this action is not one of the claims so excepted. The petition of the defendants as a firm and as individuals was filed on the twenty-eighth day of February, 1884, and the plaintiff's cause of action, if any, has accrued since that date. The discharge, and proceedings leading up to it, are well pleaded, and the allegations of the defendants in relation thereto are admitted by the plaintiff to be true. The plaintiff presented his claim against the defendants to the assignee in insolvency, and he refused to allow it; whereupon plaintiff applied to the court in which the insolvency proceedings were pending, for leave to sue the assignee, but such application was denied. The demand sued on in this action was not set forth in the schedule of claims, debts, liabilities, and demands, filed by the defendants, or either of them, in the insolvency proceedings, and was not, and we think could not have been, proved therein.

When the defendants were adjudged to be insolvent there was nothing due from them, or either of them, to the plaintiff under their contract with him. Had anything then been due from defendants to plaintiff, he might have proved his claim for the amount, and no more. (Insolvent Act, 1880, c. 87, sec. 42.) The certificate of discharge is only a bar to debts and demands which were or might have been proved, but not as against personal covenants, which were not provable. If a demand is not provable, it is not barred by the certificate. This is the just and settled rule. (*Murray* v. *De Rottenham*, 6 Johns. Ch. 52.)

Judgment and order affirmed.

McFARLAND, J., and THORNTON, J., concurred.

Rehearing denied.